Per Curiam.
The important, and indeed the only question in the -Case is, whether, under a combined view of the Act against the receivers of stolen goods, (a) and the Act of 1806, intituled, an Act to punish certain thefts and forgeries, (b) and the Act of 1812, in amendment thereof, the stolen bank note could be considered as ‘goods,’ within the meaning of the said Act of 1792. The Court is of opinion, that upon principle, as well as upon the authority of Sadi and Morris’s Case, (c) it could not. The judgment is therefore to be reversed, and a judgment of acquittal rendered.
Note (in edition of 1853). — By the English Statutes of William and Mary, ch. 9, § 4, and 5 Anne, ch. 31, § 5, it is enacted, that if any person shall buy, or receive, “any goods or chattels,” that have been feloniously stolen, knowing the same to be stolen, he shall be taken as an accessory to such felony after the fact, &c.
■ It has been often decided, that the receivers of “money” stolen, are not within these Statutes. 2 *177 East’s C. L. 748; Anne Gny's Case, 1 Leach, 242: also 243, Note.
By a subsequent Statute of 2 Geo. 2, ch. 25, § 3, it is enacted, that ‘’if any person or persons shall steal, or take by robbery, any exchequer orders, &c. bank notes, &c. notwithstanding- any of the said particulars are termed in Law *a chose in action, he or they shall be deemed guilty of felony of the same nature, and in the same degree, and with, or without the benefit of clergy in the same manner as it would have been, if the offender had stolen or taken by robbery, any other goods of like value with the money due on such orders, &c. or notes, &c.”
Notwithstanding this Statute, it has been decided, in analogy to the Cases above referred to, that the receivers of stolen bank notes are not within the Statutes against receivers of stolen "goods and chattels.” Sadi and Morris’s Case, 1 Leach, 468.
It has been supposed by East, p. 749, and by Leach, p. 472, that the authority of the Case of Sadi and Morris, has been shaken by William Dean’s Case, 2 Leach, 693; 2 East, 646. Dean was indicted for stealing a bank note of the value of twenty pounds. The Indictment was founded on the Statute of 12 Anne, which makes the stealing of “any money, goods or chattels, wares or merchandizes, of the value of forty shillings,” a capital felony. It was decided by the Court, that the prisoner did come within the said Statute, and he was sentenced to be hanged.
The reasons of the Court are not given, and it does not seem entirely clear that the two Cases are in opposition to each other. The ground of the decision in Dean’s Case, probably was, that bank notes were included under the word “money,” which is used in the Statute of 12 Anne, and not in the Statutes against receivers: and this seems to have been the understanding of Leach himself in another page; for in a Note to Campbell’s Case, p. 565, he says, “See Rex v. William Dean, July Session, 1795, that bank notes are money, within the meaning of 12 Anne, ch. 7.” But the decisionin Sadi and Morris, was, that bank notes were not “goods and chattels.”,
There seems too to be another reason why these cases are reconcileable. The Act of 2 Geo. 2, placed the stealing of bank notes, on the same foot as the stealing of goods of like value, but there was no Statute of England which places the receiving of stolen bank notes, on the same foot as the receiving of stolen goods of like value.
The result then seems to be, that under these highly Penal Statutes in England, neither money, nor bank notes are deemed to be “goods and chattels,” but that bank notes are “money.”
Our Act of 1792, declares that the buying or receiving of stolen “goods," knowing them to be stolen, shall be prosecuted as for a misdemesnor, although the principal felon shall not be before convicted.
The Act of 1806, enacts that “if any person shall 'steal, or take by robbery from another, any bank or post note,” he shall be punished by confinement in the Penitentiary; and by the Act of 1812, any slave who steals or takes by robbery a bank or post note, shall suffer the same punishment, as “if he ■or she had been convicted of stealing or taking by robbery, any other goods and chattels” of the same value.
The General Court were of opinion, that notwithstanding these two Acts, yet that the receiving of bank notes did not come within the Act against the receivers of stolen “goods,” and that the Case of Sadi and Morris, was good Law.
Since this decision was made, an amendment has been made in the Act concerning receivers. The new Act declares that it shall be lawful to prosecute and punish every person buying or receiving any “stolen goods, or any stolen bank or post note, obligation. bond, bill obligatory, bill of exchange, promissory note for the payment of money, Lottery ticket, or paper bill of credit, granted by or under the authority of the United States, or any other written or printed paper evidencing any right, title or claim, or otherwise of value,” knowing the same to be stolen, as for a misdemesnor, &c. 1 Rev. Code of 1819, ch. 160, § 9.

 1 Rev. Code of 1792, ch. 109, § 4.

 Act of 1806, ch. 10, § 3; see 2 Rev. Code of 1808, ch. 91, § 3, p. 118. For the Act of 1812, see Supplement to 2 Rev. Code of 1808, ch. Ill, p. 129.

 1 Leach’s Crown Cases, 468.